UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
THE SOUTHERN DIVISION

| | | |
|---|---|---|
| JENNIFER WILLIAMS | : | Case No.:_____ |
| | : | |
| Plaintiff, | : | **CIVIL ACTION** |
| | : | |
| -against- | : | |
| | : | |
| NATIONAL REVENUE RECOVERY | : | **COMPLAINT AND** |
| | : | **DEMAND FOR JURY TRIAL** |
| Defendant. | : | |
| | : | |

Plaintiff, JENNIFER WILLIAMS, on behalf of herself (hereinafter "Plaintiff"), by and through her undersigned attorney, alleges against the defendant, NATIONAL REVENUE RECOVERY, (hereinafter "Defendant") as follows:

**PRELIMINARY STATEMENT**

1. This is an action for damages arising from Defendants' violation of 15 U.S.C. § 1692 *et seq.*, Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper in this district under 28 U.S.C § 1391(b).

**PARTIES**

4. Plaintiff is a natural person who at all relevant times has resided in the City of Alabaster, Shelby County, State of Alabama, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

1

5. Defendant is a company doing business in the State of New York, with its office mailing address located at 187 Wolf Road, Suite 101, Albany, New York and has acted as a "debt collector" as that term is defined by 15 U.S.C § 1692a(6).

6. The alleged debt is subject to personal, family, or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

## FACTUAL ALLEGATIONS

7. On or about, April 12, 2013, Plaintiff received a message from Defendant's agent, Tonya, claiming to be calling from the Fraud and Claims Division with National Revenue.

8. In the message, Defendant's agent stated she was serving the Plaintiff on record that she was being listed in a Fraud and Identity Claim by Candice Johnson. Defendant's agent stated that she would be wrapping this up by Friday. Defendant's agent asked that if you have an attorney representing you to have them contact Defendant's agent at 1-888-676-9505. Defendant's message ended by stating, "You have been notified." A transcript of this recording is attached hereto as **Exhibit A**.

9. On or about, April 12, 2013, Plaintiff received a second message from one of Defendant's agents. The message was for Candice Johnson advising that they were calling regarding a return item from her bank that requires immediate attention. The message went on to state that it would be in your best interest to have yourself or counsel contact our office to discuss resolution of the matter. A transcript of this recording is attached hereto as **Exhibit B**.

10. On or about, April 12, 2013, Plaintiff called Defendant to inquire about the messages left on her phone. Plaintiff spoke with Tonya, one of Defendant's agents, about these messages.

11. Defendant's agent, Tonya, was rude and abrasive toward Plaintiff advising that Plaintiff was told not to contact her office anymore and that she had to do what she had to do. A transcript of this recording is attached hereto as **Exhibit C**.

12. As a result of Defendant's actions, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish, and emotional distress.

## COUNT I
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692e(5)

13. Plaintiff repeats the allegations contained in paragraphs 1 through 12 and incorporated them as if the same were set forth at length herein.

14. On or about, April 12, 2013, Defendant's agent made legal threats against Plaintiff, which Defendant could not take any legal action or intended to take any legal action.

15. Upon information and belief, Defendant as the date of this Complaint has not taken or can take any legal action against Plaintiff.

16. Defendant's threat to take any action that cannot legally be taken or that is not intended to be taken, is in violation of 15 U.S.C. § 1692e(5).

## COUNT II
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692e(7)

17. Plaintiff repeats the allegations contained in paragraphs 1 through 16 and incorporated them as if the same were set forth at length herein.

18. On or about, April 12, 2013, Defendant's agent stated to Plaintiff that she was being listed in a Fraud and Identity Claim by Candice Johnson.

19. Upon information and belief, Plaintiff as the date of this Complaint has not been listed in any Fraud or Identity claim by Candice Johnson.

20. Defendant's agent communicating to Plaintiff about Plaintiff committing any crime or other conduct in order to disgrace the Plaintiff, is in violation of 15 U.S.C. § 1692e(7).

## COUNT III
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692e(10)

21. Plaintiff repeats the allegations contained in paragraphs 1 through 20 and incorporated them as if the same were set forth at length herein.

22. On or about, April 12, 2013, Defendant's agent used deceptive means to collect a debt from Plaintiff by leaving a message with Plaintiff stating she was being listed in a Fraud and Identity Claim and to have her counsel contact Defendant's agent.

23. On or about, April 12, 2013, Defendant's agent left a second message on Plaintiff's phone for a Candice Johnson.  The message stated Defendant was calling regarding a return item from Johnson's bank that needed immediate attention.

24. Upon information and belief, these messages were deceptive means to collect or to attempt to collect a debt.

25. Defendant's agent  leaving these messages were a false representation or deceptive means to collect or to attempt to collect any debt, is in violation of 15 U.S.C. § 1692e(10).

## COUNT IV
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692e(11)

26. Plaintiff repeats the allegations contained in paragraphs 1 through 25 and incorporated them as if the same were set forth at length herein.

27. On or about, April 12, 2013, Defendant's agent left two (2) messages on Plaintiff's phone.

28. Upon information and belief, these messages failed to provide the required mini-Miranda warning, "This is an attempt to collect a debt and that any information obtained will be used for that purpose."

29. Defendant's agent failure to disclose that a debt collector is attempting to collect a debt and information will be used for that purpose, and the subsequent communications that the communication is from a debt collector, is in violation of 15 U.S.C. § 1692e(11).

## COUNT V
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692e(13)

30. Plaintiff repeats the allegations contained in paragraphs 1 through 29 and incorporated them as if the same were set forth at length herein.

31. On or about, April 12, 2013, Defendant's agent stated to Plaintiff that she was being listed in a Fraud and Identity Claim by Candice Johnson.

32. Upon information and belief, this was to make Plaintiff believe documents are legal process when they are not.

33. Defendant's communication to Plaintiff that documents are legal process when they are not, is in violation of 15 U.S.C. § 1692e(13).

## COUNT VI
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692e(14)

34. Plaintiff repeats the allegations contained in paragraphs 1 through 33 and incorporated them as if the same were set forth at length herein.

35. On or about, April 12, 2013, Defendant's agent stated she was calling from the Fraud and Claims Division with National Recovery.

36. Upon information and belief, Defendant's corporation name is National Recovery and does not have a Fraud and Claims Division.

37. Defendant using any name other than the true name of the debt collector's business, is in violation of 15 U.S.C. § 1692e(14).

## COUNT VII
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

38. Plaintiff repeats the allegations contained in paragraphs 1 through 37 and incorporated them as if the same were set forth at length herein.

39. As a proximate consequence and as a result of Defendant making harassing telephone calls, Defendants' actions were an intentional infliction of emotional distress, willful and intentionally undertaken, knowing that the same were designed to abuse, coerce and create great mental and physical pain and damage. Plaintiff was caused great mental anguish, physical anguish, great inconvenience, chagrin, caused to be embarrassed, caused to be made physically sick, caused great loss of sleep, caused to be made ill, and caused to suffer great fear, fright, and intimidation.

40. As a proximate consequence of Defendants' intentional infliction of emotional distress, Defendants have caused Plaintiff great worry, shame, humiliation, loss of sleep, anxiety, nervousness, sickness, physical and mental suffering, pain, anguish and fright.

## COUNT VIII
## NEGLIGENT SUPERVISION

41. Plaintiff repeats the allegations contained in paragraphs 1 through 40 and incorporated them as if the same were set forth at length herein.

42. As a proximate consequence and result of the violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et. seq., and Intentional Infliction of Emotional

Distress, as delineated in Counts I, II, III, IV, V, VI, and VII, Defendants' actions constitute negligent supervision and training of its personnel hired for the purpose of collecting debts.

43. Defendants had notice or knowledge, either actual or presumed, of their servants' incompetency or unfitness. Further, the specific acts of incompetency were of such nature, character, and frequency that Defendants in the exercise of due care must have had notice of such action.

## JURY TRIAL DEMAND

44. Plaintiff demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

a) That an order be entered declaring the Defendant actions, as described above, are in violation of the FDCPA;

b) That judgment be entered against the Defendant for actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

c) That judgment be entered against the Defendant for statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A) and (B);

d) That the Court award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k(a)(3); and

e) That the Court grant such other and further relief as may be just and proper.

Respectfully Submitted,

s/ John Domnanovich
Attorney for Plaintiff

Law Office of John Domnanovich
2108 Lynngate Dr.
205.356.0127
JDDomnanovich@gmail.com

# EXHIBIT A

Yes, Hi this message is for Jennifer Williams.  Jennifer this is Tonya with the Fraud and Claims Division with National Revenue.  I was just looking to serve you on record that you are being listed in a Fraud and Identity Claim by Candice Johnson.  At this point in time, we will be wrapping this up by Friday.  If you have an attorney representing you; you can have them contact my office directly.  My phone number toll free is 1-888-676-9505.  You've been notified.

# EXHIBIT B

Hello, this message is for Candice Johnson.  We are calling from the offices of National Revenue.  We are calling regarding a return item from your bank that requires your immediate attention.  It would be in your best interest to have yourself or counsel contact our office to discuss our resolution of this matter.  You can contact us at 1-888-676-9505.  When calling please refer to your file number 241635.  Please be advised this is not a solicitation.  We are expecting a response.

# EXHIBIT C

This is Tonya speaking if this is Jennifer Williams.  I advised you not to contact my office.  I told you to do what you have to do.  I have already.  Do what you have to do.  Do not contact my offices again.